UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MacARTHUR WILLIAMS | : |
| VS. | :   CIVIL ACTION NO. |
| CITY OF NEW HAVEN | :   JULY 26, 2010 |

## C O M P L A I N T

1.  This is an action to redress the deprivation of rights secured to the plaintiff by the Constitution and laws of the United States and the State of Connecticut.

2.  Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

3.  The plaintiff is an adult citizen of the United States who resides in Hartford, Connecticut.

4.  The defendant is a municipal corporation in the State of Connecticut which at all times herein mentioned acted through its highest policy-setting officials for the matters herein discussed.

5.  During all times mentioned in this Complaint, the defendant was acting

under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

6.  On or about September 29, 2003, the Connecticut Superior Court issued a misdemeanor arrest warrant for the plaintiff, charging him with failure to appear in the second degree in violation of Section 53a-173 of the Connecticut General Statutes.

7.  The said warrant was lodged with the defendant's police department.

8.  Because the statute of limitations for prosecution of a misdemeanor such as violation of Section 53a-173 of the Connecticut General Statutes, the said warrant became invalid if not served within one year.

9.  On May 6, 2008, the plaintiff was stopped for a traffic violation in Windsor, Connecticut.

10.  Because the defendant had not removed the warrant from its system after it became invalid, its existence showed up when the officer who had stopped the plaintiff for a traffic violation checked his name online.

11.  Because the defendant had not removed the warrant from its system after it became invalid, the officer who had stopped the plaintiff was required to detain him and notify the defendant of that fact.  He did so.

12.  Because the defendant had no system in place for recognizing and addressing the problem of stale warrants no longer valid because of their age,

the defendant's police officers took custody of the plaintiff and placed him in a New Haven Police lockup. They held him prisoner there all night and the following day transported him in custody to the Superior Court at New Haven, where he was released from custody when court officials recognized that he had been detained unlawfully.

    13. The fact that arrest warrants not timely served become invalid due to age is a fact of law enforcement of which every governmental entity involved with criminal justice is aware.

    14. The defendant had no system in place to address the problem of stale warrants and its failure to do so constituted deliberate indifference to a known and frequently-occurring problem in law enforcement.

    15. The plaintiff's arrest and incarceration were proximately caused solely by the aforesaid deliberate indifference of the defendant.

    16. In the manner described above, the defendant deprived the plaintiff of his liberty without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution as enforced through Sections 1983 and 1988 of Title 42 of the United States Code.

    WHEREFORE, the plaintiff claims judgment against the defendant for compensatory damages, attorney fees and costs.

       THE PLAINTIFF

BY:_____/s/_____
     JOHN R. WILLIAMS (ct00215)
     51 Elm Street
     New Haven, CT 06510
     203.562.9931
     Fax:  203.776.9494
     jrw@johnrwilliams.com
     His Attorney