UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MACARTHUR WILLIAMS        :
      Plaintiff,          :
                               :
v.                            :       No. 3:10CV1164 (DJS)
                               :
CITY OF NEW HAVEN,        :
      Defendant.        :

MEMORANDUM OF DECISION

The plaintiff, MacArthur Williams ("Williams"), brings this civil rights action against the defendant, the City of New Haven (the "City"), seeking money damages pursuant to 42 U.S.C. § 1983 ("§ 1983"). Williams claims that the City deprived him of his liberty without due process of law in violation of the Fourth and Fourteenth Amendments to the United States Constitution when it arrested and incarcerated him in 2008. Pending before the Court is the City's motion for summary judgment. Because the Court concludes that Williams has failed to provide evidence that would support a finding of municipal liability under 42 U.S.C. § 1983, the City's motion for summary judgment (doc. # 31) is granted.

FACTS

In July 2003 Williams surrendered himself to the New Haven Police Department in connection with an outstanding arrest warrant for first degree criminal trespass. That warrant related to an incident that had occurred at a New Haven nightclub in May 2003. Williams was processed and released with a promise to appear ticket, which contained a date on which Williams was to appear in criminal court in New Haven. According to Williams, he subsequently went to the criminal court in New Haven and was immediately referred to community mediation. At the conclusion of the mediation session, Williams was informed by the mediator that the

trespass charge against him was being nolled, and that if he stayed out of trouble for one year, the charge would be dismissed.

On or about September 29, 2003, a judge from the New Haven criminal court ordered a misdemeanor arrest warrant issued for Williams' failure to appear in court on September 26, 2003[1] in violation of Conn. Gen. Stat. § 53a-173.[2]  The failure to appear warrant was thereafter electronically transmitted to the New Haven Police Department via the Paperless Arrest Warrant Network ("PRAWN"). A hard copy of the warrant was also on file in the New Haven Police Department. The failure to appear warrant was not recalled, vacated, or removed from the PRAWN system by any Connecticut Superior Court judge or staff between September 29, 2003 and May 7, 2008.

During the time period from 2003 to 2008, the New Haven Police Department had thousands of warrants, including felony and misdemeanor failure to appear warrants, to serve within the City of New Haven. No City employee, including those within the New Haven Police Department, was authorized to cancel or erase any warrant from the City's computerized warrant system unless the warrant had been served or recalled. Between 2003 and 2008 the City, through a specific member of the New Haven Police Department, requested that the Connecticut State's Attorney's Office review the warrants sent to the City via the PRAWN system and make

---

[1]The defendant contends that Williams failed to appear in court on the date specified in the promise to appear ticket, i.e, September 26, 2003. For purposes of a summary judgment motion, the Court must accept the properly supported facts asserted by the non-moving party, which in this case is the plaintiff Williams.

[2]Violation of Conn. Gen. Stat. § 53a-173, "Failure to appear in the second degree," is a Class A misdemeanor. A sentence of imprisonment for a Class A misdemeanor may not exceed one year. Conn. Gen. Stat. § 53a-36.

determinations as to whether some of those warrants should be recalled or vacated. During that same time period the City requested that the State's Attorney's Office review hundreds of hard copy felony and misdemeanor warrants. The State's Attorney's Office vacated some of the warrants sent for review due to their age. In those cases the City updated its electronic database and, if applicable, the state's database to reflect the correct status of the warrant.

On or about May 6, 2008, Williams was stopped in Windsor, Connecticut for a traffic violation. The Windsor police officer who stopped Williams informed him that there was an outstanding warrant for his arrest in New Haven. Williams was detained by the Windsor police, and later was taken into custody by New Haven police officers and transported to the New Haven police station. Williams was processed and held at the New Haven police station for a period of time less than twenty-four hours before appearing in criminal court on May 7, 2008 on the failure to appear charge.

Williams was represented at the May 7, 2008 hearing by an attorney from the public defender's office. With regard to the failure to appear charge, Williams' attorney informed the court that Williams "had indicated he came to court [in 2003] and the [criminal trespass] case was nolled or disposed of." (Doc. # 31-3, at 54: 10-11). The prosecutor then advised the court that the "State will enter a nolle [as to the failure to appear charge]." (*Id.*: 13). Williams' attorney inquired as to whether the court would consider dismissing the charge. The court responded to that inquiry by asking the following question: "[D]oes he admit probable cause for the arrest?" (*Id.*: 18-19). Williams' attorney replied, "Yes," whereupon the court dismissed the failure to appear charge. (*Id.*: 20).

STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York,* 426 F.3d 549, 553 (2d Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).  A dispute about a material fact is "genuine," "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby,* 477 U.S. at 248.

"When considering a motion for summary judgment, a court must construe the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor." *Jeffreys,* 426 F.3d at 553.  However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Liberty Lobby,* 477 U.S. at 252.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).  "[A]fter adequate time for discovery and upon motion," summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

DISCUSSION

Williams claims the City is liable for a deprivation of his liberty without due process because the City's failure to have a system in place to address the problem of stale arrest warrants constituted deliberate indifference to a known and frequently occurring problem in law

-4-

enforcement. Williams argues that his "claim is against the City of New Haven for maintaining a policy and practice that allows invalid warrants to remain on the active list." (Doc. 32, at 8). His argument is premised on Conn. Gen. Stat. § 54-193 (c), which provides that, "No person may be prosecuted for any offense, other than an offense . . . [for which the punishment is or may be imprisonment in excess of one year] except within one year next after the offense has been committed."  The failure to appear arrest warrant issued for Williams had been outstanding for more than four and one-half years at the time it was executed.

A. Municipal Liability

The sole defendant in this action is the City. Municipalities are subject to suit as  'persons' under § 1983[3], but they cannot be held vicariously liable under that statute for their employees' actions. A plaintiff seeking to establish municipal liability under § 1983 "must prove that 'action pursuant to official policy' caused the alleged constitutional injury."  *Cash v. County of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).

Williams contends that the City's failure to address the known problem of stale arrest warrants constituted deliberate indifference to deprivations of constitutional rights. "[W]here a policymaking official exhibits deliberate indifference to constitutional deprivations caused by subordinates, such that the official's inaction constitutes a deliberate choice, that acquiescence may be properly thought of as a city policy or custom that is actionable under § 1983." *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 126 (2d Cir. 2004) (internal quotation marks

------

[3]"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983.

omitted). However, "deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick*, 131 S. Ct. at 1360 (internal quotation marks omitted). A determination of deliberate indifference "necessarily depends on a careful assessment of the facts at issue in a particular case. The operative inquiry is whether those facts demonstrate that the policymaker's inaction was the result of conscious choice and not mere negligence." *Cash*, 654 F.3d at 334 (internal quotation marks and citation omitted).

The City has pointed to an absence of proof on the plaintiff's part on the issue deliberate indifference. In opposing the motion for summary judgment, it is the plaintiff's burden, as the party claiming deliberate indifference by the City, to "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). The Court concludes that the plaintiff Williams has failed to produce evidence sufficient to support a finding of deliberate indifference by a rational trier of fact.

The only evidence before the Court on this point indicates that the City had a system in place during the period between 2003 and 2008 by which it addressed the issue of outstanding warrants that might be stale. A designated  member of the New Haven Police Department requested that the Connecticut State's Attorney's Office review the warrants sent to the City via the PRAWN system and make determinations as to whether some of those warrants should be recalled or vacated. During that same time period the City requested that the State's Attorney's Office review hundreds of hard copy felony and misdemeanor warrants. The State's Attorney's Office vacated some of the warrants sent for review due to their age. In those cases the City

updated its electronic database and, if applicable, the state's database to reflect the correct status of the warrant.

The evidence as to the City's system was provided to the Court in a supplemental affidavit from Lieutenant Roger Young ("Young") of the New Haven Police Department, who had filed an earlier affidavit that was an exhibit to the City's Local Rule 56 (a)(1) Statement. Williams has requested that the Court strike Young's supplemental affidavit because it was filed "at the eleventh hour" and is "absent of evidentiary support." (Doc. # 35, at 4). The Court will not disregard the supplemental affidavit. Young's sworn statement is, by its terms, made of his "own personal knowledge." (Doc. # 33, at 5, ¶ 2). The plaintiff was free to request additional discovery, or to submit his own supplemental filings if he wished. He did not do so. The Court notes that the only evidence cited by the plaintiff in support of his deliberate indifference claim is the initial affidavit of Lieutenant Young that was filed by the City in support of its motion for summary judgment.

The plaintiff has provided no evidence that what happened to him has also happened to others, or any evidence that would otherwise support the conclusion that a City official made a conscious choice of inaction despite knowing that such inaction would result in constitutional violations. Rather, the plaintiff's opposition seems to rely on the circumstances of his own case and the conclusory statement that "[t]he only explanation for not making sure that warrants no longer valid are removed from this system is a deliberate indifference to the constitutional rights of individuals such as the plaintiff." (Doc. # 32, at 7). In this respect, the plaintiff "fails to apprehend [his] burden as the party with the burden of persuasion at trial in facing a motion for summary judgment." *New Sensor Corp. v. CE Distribution LLC*, 121 F. App'x 407, 409 (2d Cir.

2004) (summary order). He has not come close to satisfying the "stringent standard of fault" required for a deliberate indifference claim. *See Connick*, 131 S. Ct. at 1360. He has not "designated specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted). Consequently, the defendant City is entitled to summary judgment.

CONCLUSION

For the reasons stated above, the defendant City of New Haven's motion for summary judgment (**doc. # 31**) is **GRANTED**.

**SO ORDERED** at Hartford, Connecticut this 21st  day of March, 2014.

_____/s/ DJS_____
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE